IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSHUA M. ALEXANDER,
    Plaintiff,

vs.                                    Case No: 5:06cv22/RS/MD

DAVID BARFIELD,
    Defendant.

_____

### REPORT AND RECOMMENDATION

This cause brought pursuant to 42 U.S.C. § 1983 is before the court upon plaintiff's Motion for Injunction. (Doc. 17). For the following reasons, the court concludes that the motion should be denied.

Plaintiff is an inmate at the Reception and Medical Center ("RMC") in Lake Butler, Florida. (Doc. 7). The sole defendant in this matter is David Barfield, a correctional officer at Apalachee Correctional Institution in Sneads, Florida. (*See* doc. 11). Plaintiff claims defendant Barfield was deliberately indifferent to his safety when he ordered plaintiff to climb a ladder occupied by another inmate after being advised that the ladder was broken and would not support two persons. (Doc. 11). As a result of Barfield's conduct, plaintiff alleges that he injured his back.

In plaintiff's present motion and supporting memorandum, he complains that after his injury he was transferred to various institutions where he received inadequate medical care. He asserts that he asked "prison doctors" for a wheelchair, narcotic pain medication and orthopedic shoes, but his requests were denied. (Doc. 17, p. 3). As relief, he seeks an injunction requiring Barfield to provide a wheelchair, narcotic pain medication and orthopedic shoes. (*Id.*, pp. 1, 4). Plaintiff asserts that this relief is appropriately sought against Barfield because he "acted

under the color of state law, representing the State of Florida and it is their responsibility to provide medical care as needed, commensurate with modern medicine." (*Id.,* p. 4).

Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court. *Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.,* 112 F.3d 1125, 1126 (11th Cir. 1997) (citing *United States v. Lambert,* 695 F.2d 536, 539 (11th Cir. 1983)); *Johnson v. Radford,* 449 F.2d 115 (5th Cir. 1971). The district court must exercise its discretion in the light of whether:

1. There is a substantial likelihood that plaintiff will prevail on the merits;

2. There exists a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted;

3. The threatened injury to plaintiff outweighs the threatened harm injunction will do to the defendant; and

4. The granting of the preliminary injunction will not disturb the public interest.

*CBS Broadcasting, Inc. v. Echostar Communications Corp.,* 265 F.3d 1193, 1200 (11th Cir. 2001); *Siegel v. LePore,* 234 F.3d 1163, 1176 (11th Cir. 2000); *Johnson v. United States Department of Agriculture,* 734 F.2d 774 (11th Cir. 1984); *Canal Authority of State of Florida v. Callaway,* 489 F.2d 567 (5th Cir. 1974). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *All Care Nursing Service v. Bethesda Memorial Hosp.,* 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted).

Further, the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital*, 887 F.2d 1535, 1537 (11th Cir. 1989); *United States v. State of Alabama*, 791 F.2d 1450, 1457 n.9 (11th Cir. 1986), *cert. denied*, 479 U.S. 1085, 107 S.Ct. 1287, 94 L.Ed.2d 144 (1987). This

necessitates that the relief sought in the motion be closely related to the conduct complained of in the actual complaint.  *Devose*, 42 F.3d at 471; *Penn v. San Juan Hosp.*, 528 F.2d 1181, 1185 (10th Cir. 1975).  Also, the persons from whom the injunctive relief is sought must be parties to the underlying action.  *See in re Infant Formula Antitrust Litigation, MDL 878 v. Abbott Laboratories*, 72 F.3d 842, 842-43 (11th Cir. 1995).

Because the alleged failure of unidentified doctors at RMC to provide adequate medical care is not closely related to defendant Barfield's alleged unconstitutional conduct in ordering plaintiff to climb the ladder, the requested injunction should be denied.  Neither the fact that defendant Barfield was acting under color of state law nor the fact that plaintiff may be suing Barfield in his official capacity alters this conclusion.

Accordingly, it is respectfully RECOMMENDED that plaintiff's motion for an injunction (doc. 17) be DENIED.

At Pensacola, Florida, this 26th day of June, 2006.


/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**