## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**JOSHUA M. ALEXANDER,**
        **Plaintiff,**

**vs.**                                                    **Case No. 5:06cv22/RS/MD**

**DAVID BAREFIELD,**[1]
        **Defendant.**

_____

### <u>REPORT AND RECOMMENDATION</u>

        This case filed pursuant to 42 U.S.C. § 1983 is now before the court upon defendant's special report and supporting documents filed on January 11, 2007. (Doc. 47).  The *pro se* plaintiff, a state prisoner who is proceeding *in forma pauperis* in this action,[2] responded to the special report.  (Doc. 49).  On March 6, 2007 the court entered an order advising the parties of the importance and ramifications of Rule 56 summary judgment consideration, informing the parties that the special report would be construed as a motion for summary judgment as of April 5, 2007, and providing the parties thirty days in which to submit additional Rule 56 materials. (Doc. 50).  Neither party has submitted additional argument or Rule 56 materials. Upon review of the summary judgment record, it is the opinion of the undersigned that defendant's motion for summary judgment should be granted in part and denied in part.

_____

[1]Although plaintiff has spelled the defendant's name "Barfield," the correct spelling apparently is "Barefield."

[2]Court records reflect as of the date of this Report and Recommendation, the plaintiff has made payments totaling $143.27 toward the $250.00 filing fee; therefore, he still owes $106.73 to the court.

## BACKGROUND

**Plaintiff was incarcerated at Apalachee Correctional Institution ("Apalachee CI") at the time of the events giving rise to this complaint.  Named as the sole defendant in this action is David Barefield, a correctional officer at Apalachee CI.  In his verified amended complaint ("complaint"), plaintiff alleges that on August 24, 2005 defendant Barefield was supervising him and three other inmates[3] while they built fences on the Apalachee CI main unit compound.  One of the inmates, Jeremy Davis, was attaching razor wire to the rail of a twelve foot fence while atop a twelve foot ladder.  The ladder displayed a manufacturer's warning prohibiting more than one occupant.  Defendant Barefield ordered plaintiff to: "Get your [expletive] up there and help that boy."  Plaintiff informed Barefield that the ladder was broken, that it would not hold two people, and that it was unsafe for him to climb it.  Defendant Barefield responded: "Get your [expletive] up there before I lock you up."   After plaintiff climbed the ladder, it began to buckle.  Inmate Davis jumped off the ladder, and the ladder collapsed, sending plaintiff approximately nine feet to the ground.  Plaintiff landed on his lower back.  Defendant asked plaintiff if everything was okay, to which plaintiff responded that he thought so.  However, as plaintiff tried to stand, he found that he could not stand erect.  He had difficulty breathing for approximately two hours and experienced numbness in his left hand.   At that point, plaintiff informed defendant that he needed medical attention, and was taken to the infirmary. He was then transported to Jackson County Hospital in Marianna, Florida. Emergency room doctors diagnosed plaintiff with "sub scapular sprain on the left side and possible nerve damage in spine."  Plaintiff was released and returned to the Florida Department of Corrections ("FDOC").   Since then, plaintiff has received numerous tests and seen several doctors.  He asserts that as a result of his fall, he suffers from a protruding disc, a pinched nerve in his spine, nerve damage in his pelvis and nerve damage in both legs.  (Doc. 11, Facts).  Claiming violation of his Eighth Amendment rights, plaintiff seeks $5 million dollars in damages and an**

---

[3]**Jeremy Davis, David Nemsgern and Timothy Murphy.**

injunction "ordering the Department of Corrections to issue a wheelchair, quality medication, and orthopedic shoes."  (*Id.*, Relief Requested.).

Defendant Barefield, in his motion for summary judgment, argues that, as a matter of law, plaintiff cannot make out a constitutional violation because "[i]f even true at all that Plaintiff fell from a ladder, Plaintiff's action -- at most -- sounds in negligence." (Doc. 47, pp. 8-9).  He further asserts that to the extent plaintiff seeks monetary damages against him in his official capacity, he is entitled to Eleventh Amendment immunity.  (*Id.*, pp. 9-10).  In support of his motion, defendant Barefield has attached documentation of plaintiff's conviction and sentence, his inmate transfer history, his work assignment history, his safety training documentation, and his medical records.  (*Id.*, App. A-U).[4]  Barefield has not submitted a personal affidavit.

In response to the special report, plaintiff has submitted an unsworn, unverified statement, which the court will not consider.  *See Holloman v. Jacksonville Hous. Auth.*, 2007 WL 245555, at *2 (11th Cir. Jan. 30, 2007) ("[U]nsworn statements, even from *pro se* parties, should not be considered in determining the propriety of summary judgment.") (internal quotation marks omitted) (citing *Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980)).  In addition, plaintiff has submitted an affidavit of Inmate Timothy Murphy corroborating plaintiff's version of events,[5] a

---

[4]Defendant Barefield does not assert that he is entitled to qualified immunity.

[5]Inmate Murphy's affidavit states:

On August 24, 2005, I, Timothy Murphy (#K55795), was confined at (ACI) and assigned to the inmate work-squad under the supervision of Correctional Officer (CO) David Barfield.  Also assigned to this work-squad was: Joshua Alexander, Jeremy Davis, David Nemsgern.  Inmate Joshua Alexander was instructed by C.O. Barfield to climb atop of the ladder and assist Inmate Jeremy Davis with securing "razor-wire" on top of a security fence.  Inmate Jeremy Davis was all ready standing on top of the ladder.  Inmate Alexander advised C.O. Barfield that climbing on top of the ladder while another inmate was atop of same was not safe.  However, C.O. Barfield compelled Inmate Alexander to comply with his demand.  While Inmate Alexander climbed the ladder, the ladder broke in half and Alexander fell to the ground.  Inmate Alexander was then transported to the infirmary and never returned to the compound.

(Doc. 49, Ex. A).

copy of a letter plaintiff wrote to the FDOC's Inspector General, copies of relevant inmate grievances, and a notice of intent to sue.  (Doc. 49, Exs. A-C).

## DISCUSSION

Summary Judgment Standard

In order to prevail on his motion for summary judgment, the defendant must show that plaintiff has no evidence to support his case or present affirmative evidence that plaintiff will be unable to prove his case at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2553-54, 91 L. Ed. 2d 265 (1986).  If the defendant successfully negates an essential element of plaintiff's case, the burden shifts to plaintiff to come forward with evidentiary material demonstrating a genuine issue of fact for trial.  *Id.*  The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  A fact is "material" if it "might affect the outcome of the suit under the governing [substantive] law."  *Id.  Accord Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992).  Further, plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986), and a "scintilla" of evidence or conclusory allegations is insufficient.  *Celotex Corp.*, 477 U. S. at 324 (quoting FED.R.CIV.P. 56(e)).  Plaintiff must either point to evidence in the record or present additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency.  *Celotex Corp., supra*; *Owen v. Wille*, 117 F.3d 1235, 1236 (11th Cir. 1997) ("Rule 56(e) . . . requires the nonmoving party to go beyond the pleading and by h[is] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"), *cert. denied*, 522 U.S. 1126 (1998) (quoting *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553 (quoting FED.R.CIV.P. 56(c), (e))); *Hammer v. Slater*, 20 F.3d 1137 (11th Cir. 1994).

Evidence presented by plaintiff in opposition to the motion for summary judgment, and all reasonable factual inferences arising from it, must be viewed in the light most favorable to the plaintiff. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 1608, 26 L. Ed. 2d 142 (1970); *Jones v. Cannon*, 174 F.3d 1271, 1282 (11th Cir. 1999). A motion for summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56; *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. at 2552.

Eleventh Amendment Immunity

It is well settled that a plaintiff may not bring a § 1983 action for monetary damages against a State, State agency, or State officials in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64, 109 S.Ct. 2304, 2308, 105 L.Ed.2d 45 (1989); *Miller v. King*, 384 F.3d 1248, 1259 (11th Cir. 2004). Furthermore, absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh Amendment prohibits a damages suit brought by a private individual against a State in federal court. *Federal Maritime Comm'n v. South Carolina State Ports Auth.*, 535 U.S. 743, 122 S.Ct. 1864, 152 L.Ed.2d 962 (2002); *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Gamble v. Florida Dep't of Heath and Rehabilitative Servs.*, 779 F.2d 1509, 1511 (11th Cir. 1986). In light of the foregoing, plaintiff's § 1983 claim for damages against defendant Barefield in his official capacity must be dismissed.

Eighth Amendment Standard

An unnecessary and wanton infliction of pain that is totally without penological justification constitutes cruel and unusual punishment that is forbidden by the Eighth Amendment. *Hope v. Pelzer*, 536 U.S. 730, 122 S.Ct. 2508, 2514, 153 L.Ed.2d 666 (2002) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)). Courts have recognized that prison working conditions are conditions of confinement subject to scrutiny under the Eighth Amendment. *Morgan v. Morgensen*, 465 F.3d 1041 (9th Cir. 2006); *Stephens v.*

*Johnson*, 83 F.3d 198, 200 (8th Cir. 1996); *Franklin v. Kansas Dep't of Corrections*, 160 Fed.Appx. 730, 736 (10th Cir. 2005).

To establish a claim, plaintiff must demonstrate: a substantial risk of serious harm, defendant's deliberate indifference to that risk, and causation.  *Hale v. Tallapoosa County*, 50 F.3d 1579, 1583 (11th Cir. 1985)(citing *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1974 (1994); *LeMarca v. Turner*, 995 F.2d 1526, 1535 (11th Cir. 1993)).  Thus, there is both an objective and subjective component of a viable Eighth Amendment claim.

The first requirement, the objective component of Eighth Amendment analysis, requires:

> conduct by public officials "sufficiently serious" to constitute a cruel
> or unusual deprivation – one "denying 'the minimal civilized measure
> of life's necessities.'"

*Taylor v. v. Adams*, 221 F.3d 1254, 1257-58 (11th Cir. 2000)(citing *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991)(quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981))), *cert. denied*, 121 S.Ct. 774, 148 L.Ed.2d 673 (2001).   The second requirement, the subjective component of Eighth Amendment analysis, requires "a subjective intent by the public officials involved to use the sufficiently serious deprivation in order to punish."  *Taylor* at 1258 (citing *Wilson v. Seiter*, 501 U.S. at 300, 111 S.Ct. at 2325) ("The source of the intent requirement is not the predilections of this Court, but in the Eighth Amendment itself, which bans only cruel and unusual *punishment*.  If the pain inflicted is not formally meted out *as punishment* by the statute or the sentencing judge, some mental element must be attributed to the inflicting officer before it can qualify."  (emphasis in original)).   "To show the required subjective intent to punish, a plaintiff must demonstrate that the public official acted with an attitude of 'deliberate indifference.'" *Taylor* at 1258 (quoting *Estelle*, 429 U.S. at 105, 97 S.Ct. at 291); *Hope*, 122 S.Ct. at 2514.

"A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both

be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 114 S.Ct. at 1979. To sustain a claim, plaintiff must show that the challenged conduct was "very unreasonable in light of a known risk" of harm or suffering. *Hardin v. Hayes*, 52 F.3d 934, 939 (11th Cir. 1995)(citing *Farmer*, 114 S.Ct. at 1978-79). Whether an officer was aware of a risk of serious harm may be deduced from circumstantial evidence such as the obviousness of the situation confronting the officer. *Hope*, 122 S.Ct. at 2514 ("We may infer the existence of this subjective state of mind from the fact that the risk of harm is obvious.") (citing *Farmer*, 114 S.Ct. at 1981). However, mere knowledge by an official of infirm conditions does not establish deliberate indifference; it must also be demonstrated that, with knowledge of the infirm conditions, the official knowingly or recklessly declined to take actions that would have improved the conditions. *LeMarca v. Turner*, 995 F.2d at 1537.

The third requirement, causation, requires some causal connection between each defendant named and the injury allegedly sustained. *Marsh, supra; Swint v. City of Wadley, Alabama*, 51 F.3d 988, 999 (11th Cir. 1995); *Rivas v. Freeman*, 940 F.2d 1491, 1495 (11th Cir. 1991). The causal connection may be established by proof that the official was personally involved in the acts that resulted in the constitutional deprivation, or where the official has established or utilized a policy or custom that results in deliberate indifference to a prisoner's rights. *See Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) (citations omitted); *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700 (11th Cir. 1985).

## Conclusions of Law Regarding Material Facts

The summary judgment evidence raises no genuine issue of material fact concerning plaintiff's fall from the ladder. Although defendant Barefield urges the court to view plaintiff's allegations with skepticism, and has gone to great lengths to attempt to minimize plaintiff's physical complaints, he has made no effort to dispute plaintiff's version of the facts concerning either the fall itself or the circumstances leading up to it. Nor does defendant Barefield dispute that compelling plaintiff to use the defective ladder in an unsafe manner expressly

proscribed by the manufacturer created a substantial risk of serious harm to plaintiff's health or safety in violation of the Eighth Amendment.   Defendant Barefield's sole argument is that summary judgment is proper because there is no genuine issue of material fact as to deliberate indifference (i.e., taking the allegations of plaintiff's complaint as true, they fail to establish that Barefield acted with an attitude of deliberate indifference).  (Doc. 47, pp. 8-9).

The parties have not cited, and the undersigned has been unable to locate, any published Eleventh Circuit cases applying the Eighth Amendment's deliberate indifference standard in the workplace safety context.  Other courts, however, have dealt with this specific issue and held that prison officials are deliberately indifferent when they "knowingly compel convicts to perform physical labor which is beyond their strength, or which constitutes a danger to their lives or health, or which is unduly painful."  *Ray v. Mabry*, 556 F.2d 881, 882 (8th Cir. 1977); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (same); *Jackson v. Caine*, 864 F.2d 1235, 1246 (5th Cir. 1989) (same); *Franklin v. Kansas Dep't of Corrections*, 160 Fed.Appx. 730, 736 (10th Cir. 2005) (same); *see also Brown v. Richmond County Correctional Inst.*, 2006 WL 1431488 (S.D. Ga. 2006) (same).

Along this line, courts have recognized that the mere failure to provide proper instructions or safety devices for use on prison work details does not constitute deliberate indifference.  *See, e.g., Stephens v. Johnson*, 83 F.3d 198, 200-01 (8th Cir. 1996) (holding that lack of safety training equipment, including no steel-toed boots and no safety straps on moving dollies in warehouse, as well as allegations of a pattern of injuries, showed at most negligence for not taking better safety precautions); *Warren v. State of Missouri*, 995 F.2d 130 (8th Cir. 1993) (holding that prison officials' failure to provide "anti-kickback" protective equipment on saw, as well as allegations that officials knew of similar prior accidents that could have been prevented with protective equipment, did not create a genuine issue of deliberate indifference to a serious issue of work place safety); *Bibbs v. Armontrout*, 943 F.2d 26 (8th Cir. 1991) (holding that prison officials' alleged knowledge that safety guards covering the gears of an inker had been removed and their failure to repair it

amounted to mere negligence); *Benson v. Cady*, 761 F.2d 335 (7th Cir. 1985) (holding that prison officials' failure to inspect and maintain cell beds and exercise equipment which, in two separate incidents, fell and allegedly injured inmate, were merely assertions that the officials did not exercise due care, not evidence of deliberate indifference); *Arnold v. South Carolina Dep't of Corrections*, 843 F.Supp. 110 (D. S.C. 1994) (holding that kitchen supervisors' knowledge of faulty condition of steam pot and their failure to repair it was not sufficient to establish that officials acted with an attitude of deliberate indifference); *Franklin v. Kansas Dep't of Corrections, supra*, (holding that even assuming the risk to the prisoner of a back injury from improperly lifting heavy objects as part of his prison job was objectively serious, prison officials' alleged negligent failure to ensure that inmates were informed of and used proper lifting techniques did not rise to the level of an Eighth Amendment violation); *Brown v. Richmond County Correctional Inst., supra*, (concluding that failure to provide a helmet in cutting tree limbs, an activity that "does not, in itself, involve an imminent threat of physical harm posing a danger to a prisoner's life or health," did not rise above the level of mere negligence).

However, when a prison official knowingly compels a prisoner to perform work that involves an imminent threat of serious physical harm posing a danger to the prisoner' s life or health, deliberate indifference has been found to exist. *See, e.g., Gill v. Mooney*, 824 F.2d 192 (2nd Cir. 1987) (holding that inmate stated Eighth Amendment claim against correctional officer, where inmate alleged that officer ordered him to continue working on a defective ladder even though the officer knew the ladder was unsafe); *Morgan v. Morgensen, supra* (holding that prison official was not entitled to qualified immunity on prisoner's Eighth Amendment claim that he ordered the prisoner to continue operating prison work equipment that the official had been warned and had reason to believe was unnecessarily dangerous); *Ambrose v. Young*, 474 F.3d 1070, 1078 (8th Cir. 2007) (concluding that prison official's instruction to stomp out fire burning near a dangling, live power line constituted deliberate indifference to a known and substantial risk); *Hall v. Bennett*, 379 F.3d 462, 464-65 (7th Cir. 2004) (holding that genuine issues of material fact

existed as to whether supervisors knew that inmate could suffer a severe electrical shock as a consequence of working on a live wire of elevated voltage without protective gloves; summary judgment evidence established that supervisors assigned the inmate the task of working on the circuit but denied him protective gloves).

The undisputed evidence in the summary judgment record before this court establishes that at the time defendant Barefield first ordered plaintiff to climb the twelve-foot ladder, he was aware that there was another inmate at its top and that the manufacturer warned against more than one occupant.  At the time Barefield compelled plaintiff by his second command to climb the ladder, Barefield additionally knew that the ladder was broken and that it was unsafe for plaintiff to climb it.  This sufficiently describes an attitude of deliberate indifference.  Plaintiff is not required to establish that Barefield knew harm would result, only that he knew of and disregarded an excessive risk to plaintiff's health or safety.  *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979.  Because the summary judgment evidence does not establish that defendant Barefield is entitled to judgment as a matter of law, his motion should be denied.

As a final matter, it is necessary to address plaintiff's request for injunctive relief.  Plaintiff was released from the FDOC in December of 2006.  (*See* Doc. 43; www.dc.state.fl.us).  Because plaintiff is no longer incarcerated within the FDOC, no order from this court requiring FDOC officials to act in the manner plaintiff prescribes could have any effect.  Therefore, his request for injunctive relief is moot.  Furthermore, since plaintiff is no longer confined within the FDOC and there appears no reason to believe that he will again be in custody under the same circumstances, the narrow exception for cases that are capable of repetition yet evading review does not apply.  *See, e.g., Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986) (inmate's release from prison mooted claim for declaratory and injunctive relief); *Tucker v. Phyfer*, 819 F.2d 1030, 1035 (11th Cir. 1987) (claim of prisoner seeking declaratory relief regarding conditions in which he was held as a juvenile became moot when he reached the age of majority); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th

Cir. 1985) (an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred); *McKinnon v. Talladega County,* 745 F.2d 1360, 1363 (11th Cir. 1984) (inmate's transfer to a different jail moots claim for declaratory and injunctive relief); *Dudley v. Stewart*, 724 F.2d 1493, 1494 (11th Cir. 1984) (transfer from county jail to state  prison mooted claims for injunctive and declaratory relief against county jailers).  Thus, plaintiff's claim for injunctive relief should be dismissed.


## CONCLUSION

Upon full consideration of the evidence within the summary judgment record, the court concludes that defendant Barefield is not entitled to judgment as a matter of law on plaintiff's Eighth Amendment claim.  Nonetheless, plaintiff can proceed only on his damages claims against defendant Barefield in his individual capacity, because his official capacity claim for damages is barred by Eleventh Amendment immunity, and his claims for injunctive relief are moot.

Accordingly it is respectfully RECOMMENDED:

1.  That defendant's motion for summary judgment (doc. 47) be GRANTED on the issue of plaintiff's damages claim against defendant Barfield in his official capacity, and that the motion be DENIED in all other respects.

2.  That plaintiff's claims for injunctive relief be DISMISSED as moot.

3.  That this matter be remanded to the undersigned for further proceedings on plaintiff's individual capacity claim for damages against defendant Barefield.

At Pensacola, Florida this 9th day of May, 2007.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**